O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#61; 12/24 hrg off**

CIVIL MINUTES - GENERAL

| Case No. | ED CV 12-362 PSG (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | Darling, et al. v. Green, et al. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings:**    **(In Chambers) Order Granting Plaintiffs' Motion for Relief from Order of Dismissal**

      Before the Court is Plaintiffs' motion for relief from order of dismissal pursuant to Fed. R. Civ. P. 60(b). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to the motion, the Court GRANTS the motion.

I.      Background

      Plaintiffs Adam and Vicky Darling ("Plaintiffs") filed a state court action against William E. Green, Donalyn E. Green, William E. Green and Donalyn E. Green d/b/a RV World Recreation Vehicle Center, Fleetwood RV ("Fleetwood"), Freightliner, Timothy Demartini d/b/a Demartini's RV Sales, Kevin Parker, Fleetwood Motor Homes, Cummins, Inc., Cummins West, General Equipment, and Sacramento Truck (collectively, "Defendants"). *See* Dkt. # 1. Defendants removed the case to federal court. *Id.* Plaintiffs allege that Defendants violated a number of state and federal laws in conjunction with the purchase and delivery of a defective motor home. *See generally FAC*.

      On June 28, 2012, Fleetwood filed a motion to dismiss. Dkt. # 44. The motion was set for hearing on August 27, 2012 at 1:30 p.m. Under Local Rule 7-9, Plaintiffs' Opposition was due 21 days prior to the date of the hearing, on August 6, 2012. Plaintiffs filed their untimely Opposition on August 21, 2012, the same day the Court issued a minute order granting

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#61; 12/24 hrg off**

CIVIL MINUTES - GENERAL

| Case No. | ED CV 12-362 PSG (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | Darling, et al. v. Green, et al. | | |

Fleetwood's motion to dismiss.  Dkts. # 53, 54.

     Nearly three months later, Plaintiffs filed this motion requesting relief from the dismissal.  Dkt. # 61.  Plaintiffs allege that the events leading to the dismissal were the result of mistake, inadvertence, and/or excusable neglect by Plaintiffs' counsel.  *Mot.* 2:16-18.  Plaintiffs explain that counsel did not file a timely Opposition due to a calendaring error.  *Mot.* 2:18-20.  In their motion, Plaintiffs contend that counsel "was under the mistaken belief that all three parties' responsive pleadings had been filed at around the same time, and that all oppositions were due at the same time."  *Mot.* 3:21-23.  The Oppositions for the other motions to dismiss referenced by Plaintiffs were timely filed on July 23, 2012.  *See* Dkts. # 46, 47.

II.    <u>Legal Standard</u>

     Excusable neglect encompasses situations where the failure to comply with a filing deadline is attributable to negligence and includes omissions caused by carelessness.  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 394 (1993)).  Under the Ninth Circuit's *Pioneer–Briones* standard, courts must consider at least four factors:  (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.  *Id.* (citing *Pioneer*, 507 U.S. at 395; *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)).  The determination of excusable neglect is an equitable one, taking account of all relevant circumstances surrounding the party's omission.  *Id.*

III.    <u>Discussion</u>

     Turning to the *Pioneer* factors—first, the Court finds that Fleetwood would be minimally prejudiced if the Court grants Plaintiffs' motion.  The Ninth Circuit has recognized that losing a previous "quick but unmerited victory" is not considered prejudicial.  *Ahanchain v. Xenon Pictures, Inc.* 624 F.3d 1253, 1262 (9th Cir. 2010).

     Second, Plaintiffs' delay in filing the Opposition was minimal.  The Opposition Plaintiffs ultimately filed was only fifteen days late.  *See Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir. 2000) (finding that a month long delay was insufficient to deny request for relief).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#61; 12/24 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-362 PSG (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | Darling, et al. v. Green, et al. | | |

Although the delay in filing the motion for relief was almost three months, this still is likely not long enough to justify denying relief.

Third, while Plaintiffs' reason for the delay is particularly weak, it is still excusable neglect. Plaintiffs' counsel claims that the "after granting Defendant Fleetwood RV an extension to respond to the First Amended Complaint, that extension date was never calendared." *Mot.* 7:16-18. However, even if the extension date for Fleetwood's response to the First Amended Complaint was never calendared, this should not have impacted the calendaring for a response to Fleetwood's motion to dismiss. Moreover, Plaintiffs' other explanation, that counsel "was under the mistaken belief that all three parties' responsive pleadings had been filed at around the same time, and that all oppositions were due at the same time," *Mot.* 3:21-23, makes no sense. If Counsel was under the mistaken belief that the Opposition to the Fleetwood motion was due at the same time as the other motions, it would have filed its Opposition on July 23, 2012 when it filed the other Oppositions. *See* Dkts. # 46, 47. Thus, no logical explanation has been given for the error. Nonetheless, the Ninth Circuit has recognized that while a calendaring mistake is a "weak justification for an attorney's delay", it likely constitutes excusable neglect. *Ahanchain*, 624 F.3d at 1262 (citing *Bateman*, 231 F.3d at 1225; *Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004)); *cf. Sanchez v. Stryker Corp.*, No. 2:10-cv-08832 ODW (JCGx), 2012 WL 1570569, at *3 (C.D. Cal. May 2, 2012) (denying a motion for relief based on an "inadvertent calendaring error").

Fourth, there is no indication that Plaintiffs' failure to file a timely Opposition was the result of bad faith. Plaintiffs' counsel had no history of missing deadlines or disobeying the district court's orders. *See Ahanchain*, 624 F.3d at 1262. Accordingly, Plaintiffs' motion under Rule 60(b)(1) is GRANTED.

The Court also declines to award sanctions as requested by Fleetwood because Fleetwood has not shown that it has suffered any prejudice as the result of Plaintiffs' actions. *See McAllister v. Patterson Companies, Inc.*, No. CV 10-5413 RSWL (MANx), 2012 WL 1688726, at *1 (C.D. Cal. May 15, 2012) (denying request for sanctions under Local Rule 7-13); *Nguyen v. Baxter Healthcare Corp.*, No. 8:10-cv-01436 CJC (SSx), 2011 WL 6018284, at *1, n.1 (C.D. Cal. Nov. 28, 2011) (same) .

IV.     Conclusion

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#61; 12/24 hrg off**

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-362 PSG (CWx) | Date | December 12, 2012 |
|---|---|---|---|
| Title | Darling, et al. v. Green, et al. | | |

For the foregoing reasons, the Court GRANTS Plaintiffs motion for relief from the order of dismissal.

**IT IS SO ORDERED.**